SUMMONS ON COMPLAINT
Court of Common Pleas, Crawford County, Ohio
Sue Seevers          Clerk of Courts

---

:IDEAWAY B&B INN LLC          v GREAT LAKES REINSURANCE UK PLC          10-CV-0581

---

    HIDEAWAY B&B INN LLC          , Plaintiff
    1601 ST RT 4
    BUCYRUS          OH 44820


'o:    GREAT LAKES REINSURANCE UK PLC          , Defendant
    PLANTATION PLACE
    30 FENCHURCH ST
    LONDON, ENGLAND EC3M

---------------------------------------------------------------------(02)

'o the following named defendants:

GREAT LAKES REINSURANCE UK PLC

'ou have been named defendant(s) in a complaint filed in:
    Crawford  County Court of Common Pleas
       112 E. Mansfield   Suite  204
         Bucyrus, OH  44820

y: HIDEAWAY B&B INN LLC          Attorney: GEORGE V     PILAT          (0039167)
                                            GALLERIA & TOWERS AT ERIEVIEW
                                            1301 EAST NINTH STREET STE 2200
                                            CLEVELAND          OH 44114

MORRISON COHEN LLP
HUDSON, MARY JO

laintiff(s). A copy of the complaint is attached.

ou are hereby summoned and required to serve upon the plaintiff's attorney (or upon the
laintiff, if he has no attorney of record) a copy of an answer to the complaint within
wenty-eight days after service of this summons on you, exclusive of the day of service.
 copy of your answer must also be filed with the Court within three days of your serving
our answer upon the plaintiff or upon the plaintiff's attorney.

f you fail to appear and defend, judgment by default will be rendered against you
or the relief demanded.

ate:  12/23/10          Sue Seevers          , Clerk of Courts
                                     By /s/ Rita Brown          , Deputy Clerk



MUNICH REINSURANCE COMPANY

0 6 JAN 2011

SHARED (UK) CLAIMS

Attachment 1

FILED CLERKS OFFICE

2010 DEC 22 PM 2: 28

SUE SEEVERS
CRAWFORD COUNTY

## IN THE COURT OF COMMON PLEAS
## CRAWFORD COUNTY, OHIO

| | |
|---|---|
| HIDEAWAY B&B INN, LLC, <br> 1601 State Route 4 <br> Bucyrus, Ohio 44810, <br><br> Plaintiff, <br><br> vs. <br><br> GREAT LAKES REINSURANCE (UK) PLC <br> Plantation Place <br> 30 Fenchurch Street <br> London, England EC3M <br><br> Defendant. | CASE NO.: 10CV0581 <br><br> JUDGE <br><br><br><br> **COMPLAINT** <br><br> **(JURY DEMAND ENDORSED HEREON)** |

Now comes Plaintiff Hideaway B&B Inn, LLC, by and through the undersigned counsel, and for its Complaint against Defendant Great Lakes Reinsurance (UK) PLC states as follows:

1. Plaintiff Hideaway B&B Inn, LLC is an Ohio Limited Liability Company with its principal place of business in Bucyrus, Crawford County, Ohio.

2. Defendant Great Lakes Reinsurance (UK) PLC is believed to be a foreign corporation with its principal place of business in London, England, operating through authorized agents and offices in the United States of America and State of Ohio, and which has conducted business and activity and/or caused injury in this jurisdiction giving rise to the claims for relief set forth herein.

1

3.  This Court has jurisdiction over the subject matter of this action and over the person of Defendant under O.R.C. 2305.01, 2307.382, and 2721.02. Venue of this action in this Court is proper under Rule 3(B) of the Ohio Rules of Civil Procedure.

### Count One
### (Declaratory Judgment)

4.  Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-3 set forth above.

5.  Defendant issued one or more insurance policies to Plaintiff which were in force at all times relevant to this action.

6.  The insurance policies Defendant issued, including but not limited to policy number NAGK 15150 for the policy period 7/28/2008 to 7/28/2009 (attached hereto as **Exhibit 1**), provide Plaintiff with various insurance coverages for liability, property damage, business income and extra expense, and additional coverages.

7.  On December 23, 2008 Plaintiff experienced injury and loss from water damage which caused property damage, damage to business personal property, the closing of the business for a period of time, the loss of business income and incurring of extra expense, and other injuries, losses, and damages.

8.  The damages and losses incurred and suffered by Plaintiff are all covered by and within the terms and scope of the subject insurance policies issued by Defendant.

9.  Plaintiff gave prompt notice of the claim and loss to Defendant and requested coverage and payment from Defendant for all damages and losses covered by the subject insurance policies.

10. Defendant paid for some of Plaintiff's damages and losses, but has failed and refused to pay Plaintiff for all covered damages and losses, especially certain items of business personal property and lost business income and extra expense incurred.

11. Plaintiff has complied with all of Defendant's requests in connection with the subject claim and all conditions precedent to coverage and payment have been satisfied.

12. Defendant's position that Plaintiff is not entitled to coverage for any other damage or loss beyond what has been paid, or that any further amount to be paid is far less than Plaintiff's actual damages and losses, has created an actual, justiciable controversy between Plaintiff and Defendant over their rights, duties, and obligations under the subject insurance policies, for which Plaintiff seeks a declaratory judgment as set forth below.

### Count Two
### (Breach of Contract)

13. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-12 set forth above.

14. Defendant's conduct in denying further payment to Plaintiff on its claim under the applicable insurance policies constitutes a breach of contract.

15. As a direct, proximate, and foreseeable result of Defendant's breach of contract Plaintiff has suffered injury and damage for which Defendant is liable as set forth below.

### Count Three
### (Bad Faith)

16. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-15 set forth above.

17. Defendant has engaged in bad faith conduct in handling Plaintiff's first-party insurance claim, including but not limited to unreasonably delaying payment of covered losses,

refusing to pay full replacement cost for covered property, refusing to pay all lost business income and extra expense, refusing to accept Plaintiff's evidence and proof of the nature and extent of its damages and losses, and acknowledging that items would be covered and then unreasonably changing its position and denying or seeking to limit coverage.

18. Defendant's conduct in handling Plaintiff's claim has been undertaken without reasonable justification and in bad faith.

19. As a direct, proximate, and foreseeable result of Defendant's bad faith conduct Plaintiff has suffered injury and damage for which Defendant is liable as set forth below.

20. Defendant's conduct is and has been intentional, willful, wanton, outrageous, malicious, and/or in conscious or reckless disregard for the rights of Plaintiff, rendering Defendant further liable for punitive damages and attorney's fees and expenses.

## Demand For Judgment

21. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1-20 set forth above.

22. Plaintiff demands judgment in its favor and against Defendant as follows:

A. For a declaratory judgment declaring the rights, duties, and obligations of the parties that all Plaintiff's damages and losses (including property damage and business income and extra expense) resulting from the December 23, 2008 claim are covered and should be paid in full;

B. For compensatory damages in an amount in excess of $25,000;

C. For punitive damages in an amount in excess of $250,000.00, or otherwise the maximum amount allowed at law;

D. For attorney's fees and expenses in an amount to be proven at or before trial;

E. For pre-judgment and post-judgment interest on all sums awarded at the maximum rate allowed by law calculated from the date of loss;

F. For costs of this action; and

4

G. For any other legal or equitable relief to which Plaintiff is entitled or is otherwise appropriate under Ohio Civil Rule 54(C) and applicable law.

Respectfully submitted,

McINTYRE, KAHN & KRUSE CO., L.P.A.

OF COUNSEL:

McIntyre, Kahn & Kruse Co., L.P.A.

GEORGE V. PILAT (0039167)
**Attorney for Plaintiff**
The Galleria & Towers at Erieview
1301 East Ninth Street, Suite 2200
Cleveland, OH 44114
Telephone: (216) 579-4114
Facsimile: (216) 579-0605
E-mail: info@mkkglaw.com

## JURY DEMAND

Plaintiff demands a trial by jury with the maximum number of jurors allowed at law on all issues properly tried to a jury.

GEORGE V. PILAT (0039167)
**Attorney for Plaintiff**

5

# GREAT LAKES REINSURANCE (UK) PLC

## COMMON POLICY DECLARATIONS

Policy No. NAGK15150

| | |
|---|---|
| 1. | Named Insured and Mailing Address |

EAWAY B&B INN, LLC
:VEN MILLER
3ORAH MILLER
HIDEAWAY COUNTRY INN
1 STATE ROUTE 4
CYRUS, OH 44820

| | | |
|---|---|---|
| n 2. | Deductible | $1,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| 3. | Policy Period | From: 7/28/2008 | To: 7/28/2009 | 12:01 A.M Standard Time at your mailing address |

| | | |
|---|---|---|
| 4. | Business Description: | Bed and Breakfast or Country Inn |
| | Form of Business: | LLC |

5. Forms and Endorsements

rm(s) and Endorsment(s) made a part of this policy at time of issue:     See Schedule of Forms and Endorsments

6. IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

| | |
|---|---|
| Property Coverage Premium: | $6,450.00 |
| Filing Fee: | $150.00 |
| Inspection Fee: | $555.00 |
| Stamping Fee: | $0.00 |
| Surplus Lines Taxes: | $322.50 |
| Terrorism Premium: | $0.00 |
| Total Policy Premium: | $7,477.50 |

n 7. Location of All Premises You Own, Rent or Occupy

| mises No. | Address |
|---|---|
| | 1601 State Route 4 Bucyrus OH 44820 |

untersigned:

Date: 8/29/2008                    Invoiced By: _____
                                                Authorized Representative